Case 7:23-cv-00283 Document 44 Filed on 07/18/24 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Bertha Salinas,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action M-23-283 |
| State Farm Lloyds,<br>*Defendant.* | §<br>§<br>§ | |

### MEMORANDUM AND ORDER

Pending before the court is Plaintiff Bertha Salinas's Motion for Reconsideration and Request for Oral Argument, ECF No. 26. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of final judgment. ECF Nos. 3–5. The motion is **DENIED**, and this case is **DISMISSED with PREJUDICE**.

### *1. Background*

The relevant facts of this first-party insurance dispute are set forth in the court's prior order on State Farm's motion for partial summary judgment, ECF No. 25. The court granted summary judgment on Salinas's claims for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing because they were filed outside the limitations period. *Id.* at 8. Salinas has dismissed with prejudice her fraud claim. ECF No. 41 at 1. Salinas now asks the court to reconsider its order granting summary judgment. ECF No. 26.

In response to the summary judgment motion, Salinas argued that her claims accrued on June 30, 2023, when State Farm notified Salinas that it would not pay the appraisal award. ECF No. 15 at 1. The court disagreed and determined that: (1) Salinas's causes of action accrued on April 16, 2021, when State Farm unambiguously denied her claim; (2) State Farm's subsequent

participation in the appraisal process did not toll the limitations period; and (3) State Farm's refusal to pay the appraisal award did not re-start the limitations period. ECF No. 25 at 6–8. The court also determined that State Farm never took any action inconsistent with the position it took in its April 16, 2021 decision letter and that Salinas's policy did not prohibit her from bringing suit until after the appraisal was complete. *Id.* at 8–9. The court held that Salinas "had at her disposal on April 16, 2021, every fact necessary to form the belief that State Farm was not going to pay her full claim and that State Farm was in breach of the insurance contract. Thus, Salinas's claim accrued on April 16, 2021, when coverage was denied." *Id.* at 8. The court determined that Salinas "filed this lawsuit . . . more than three months late, so all of her claims other than fraud are barred by limitations." *Id.*

### 2. *Discussion*

Rule 54(b) provides that interlocutory orders—which "adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties"—may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Interlocutory orders and judgments are "left within the plenary power of the court that rendered them to afford such relief from them as justice requires." *Zimzores v. Veterans Admin.*, 778 F.2d 264, 267 (5th Cir. 1985) (quoting 7 Moore's *Federal Practice* ¶ 60.20 at 60–170 (2d ed. 1985)).

Salinas raises several arguments in her motion for reconsideration and its supplement, ECF Nos. 26, 33. First, Salinas argues that the policy's language is ambiguous about whether she could have filed suit during the pendency of the appraisal process. ECF No. 26 at 1–2. Salinas argues that the policy "specifically states that an insured cannot demand appraisal after suit has been filed, yet the policy does not address the insured's right to file suit if appraisal has already been invoked and the parties are awaiting the results of appraisal." *Id.* at 2. Salinas argues that this silence "creates an interpretation that filing suit after appraisal has been invoked would negate an appraisal award OR that the insured, having invoked appraisal, is unable to file suit . . . since appraisal has already been invoked." *Id.* The court already considered and rejected this exact argument, stating "the court disagrees with Salinas that the policy prohibits her from brining suit until after the appraisal process is complete. The policy prohibits a demand for appraisal once suit has been brought . . . [but] is silent as to whether suit may be brought while the appraisal is ongoing." ECF No. 25 at 9. Salinas presents no reason for the court to alter its earlier conclusion.

Salinas next argues that State Farm's conduct after its April 16, 2021 decision letter is inconsistent with its position that it never retreated from its April 16 decision. ECF No. 26 at 2–3. Salinas emphasizes that, after issuing its April 16 letter and after Salinas invoked appraisal, State Farm retained an engineer to inspect the property to determine the cause and origin of damage to Salinas's home. *Id.*; ECF No. 33 at 1–2. Salinas argues that "The fact that [State Farm] agreed to participate in the appraisal process and retained an engineer to inspect the property **after** its letter of April 16, 2021 is inconsistent with [State Farm's] position that it made a final determination of coverage on . . . April 16,

3

2021." ECF No. 26 at 3. As the court stated in its prior order, "State Farm participated in the appraisal process without objection *but under a reservation of rights*" after Salinas invoked appraisal. ECF No. 25 at 2 (emphasis added). As the court previously stated, State Farm's participation in appraisal was not inconsistent with its April 16, 2021 position. *See* ECF No. 25 at 6 (collecting cases supporting the proposition that "An insurer's consideration of additional information from the insured or participation in the appraisal process after denying coverage does not alter the finality of an otherwise unambiguous decision to deny coverage."). The fact that State Farm engaged an engineer apart from the appraisal process is irrelevant because, as the authorities discussed in the court's prior order indicate, insurers are permitted to reopen or reinvestigate claims. Absent such an ability, insurers "faced with a request for reconsideration of a denial of coverage would be put to the choice between refusing it outright, thereby risking a bad faith claim, or considering the request and restarting the limitations period." *Id.* at 7 (quoting *Pace v. Travelers Lloyds of Tex. Ins.*, 162 S.W.3d 632, 634–35 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). Salinas has not presented any reason for the court to depart from its order rejecting this argument.

Relatedly, Salinas asserts that State Farm's engagement of an engineer to perform further investigation was not disclosed in State Farm's motion and was not previously considered by the court. ECF No. 26 at 2, 3. The court disagrees. State Farm's summary judgment exhibits included claim notes documenting: (1) State Farm's communications with Salinas's counsel regarding the engineer's inspection; and (2) the engineer's findings and conclusions. ECF No. 12-2 at 67. The court's order even discussed the engineer's findings outright, stating that "State Farm stood by its earlier conclusions and discussed their engineer's March 22,

4

2022 report, which detailed many categories of damages not covered under the policy[.]" ECF No. 25 at 3.

Salinas re-argues that State Farm's final determination was made on June 30, 2023. ECF No. 33 at 4–6. For the reasons stated above and in the court's prior order, State Farm's final determination was made on April 16, 2021.

Salinas also raises a new theory in her supplement to the motion for reconsideration—that State Farm was required under the policy to timely communicate its engineer's findings. ECF No. 33 at 2–4. Aside from being raised at the last possible minute before the district court, it is not clear at all how the late disclosure, if it was late, would alter the court's conclusions as to the statute of limitations. State Farm did not change its position based on the engineer's report. The statute of limitations clock was not restarted by the engineer's inspection report, so the timing of its disclosure is irrelevant.

### 3. *Conclusion*

Plaintiff's motion for reconsideration, ECF No. 26, is **DENIED**. This case is **DISMISSED with PREJUDICE**. A final judgment will be entered.

Signed at Houston, Texas on July 18, 2024.

*[signature]*

Peter Bray
United States Magistrate Judge